Suit by George P. Koelliker, as administrator de bonis non with the will annexed of the estate of A.E. Bagnall, deceased, against Edith J. Jenkins, the former executrix of such estate, to compel defendant to deliver certain accounts to plaintiff and to account for various items in course of her administration. From a decree of dismissal, plaintiff appeals.
Reversed.
The appellant-plaintiff, as administration d.b.n.c.t.a. of the estate of A.E. Bagnall, brought his bill in equity against the appellee-defendant, *Page 359 
Edith J. Jenkins, who, after qualifying, served as executrix of the estate of Bagnall from 1943 to October 25, 1946, when she resigned.
The Chancellor sustained the defendant's motion to dismiss plaintiff's bill and thereupon plaintiff brought this appeal.
The plaintiff by his bill states five grievances upon which he predicates his right to relief against the defendant. The allegations setting forth each of these grievances are, in substance, as follows:
1. That when Edith J. Jenkins, hereafter referred to as the defendant, resigned as executrix of the estate, which, of course, was prior to plaintiff's appointment as administrator, she deposited with the probate court certain books, records, etc., and the plaintiff, his wife, Ethel B. Koelliker, and Walter B. Bagnall (the latter two being the residuary legatees and devisees) signed a receipt acknowledging the delivery of these books, records, etc. The receipt stated that these books, record, etc., together with an accounting previously filed with the court, were all the books, records, etc., which were necessary for the use of the successor representative and the further administration of the estate. Plaintiff alleges that when he, his wife, and W.B. Bagnall signed the receipt they believed that the books, records, etc., delivered by defendant constituted all the records then in existence, and that defendant so represented this fact to him. But, plaintiff alleges, he has since discovered that defendant was at that time, and is at present, in actual or constructive possession of a ledger of accounts belonging to and kept by the testator, and that these accounts show all the financial transactions of the testator for a period of several years prior to his death. Plaintiff says it is necessary for him, in his capacity as administrator, to have these accounts in order to properly defend a claim for a deficiency assessment against the estate, being threatened by the Bureau of Internal Revenue, and so that he may ascertain the exact amount of tax due the Bureau. He also alleges that he needs the accounts held by defendant in order to ascertain the exact amount of a debt due the estate from W.B. Bagnall in order to prosecute a suit against him for this debt which W.B. Bagnall refuses to pay. Plaintiff further says that the accounts withheld by defendant will also enable him to determine the existence of other debts owed the estate by other persons, which plaintiff has reason to believe exist. Plaintiff alleges that defendant has refused, and continues to refuse to deliver these accounts to him.
2. That defendant and testator were jointly seized of a tract of land at testator's death and that, subsequent to testator's death and during the time defendant was executrix of the estate, defendant rented the land but, in filing her returns as executrix, failed to account for any of the sums received. Plaintiff says that at the time he signed the receipt aforementioned he had no knowledge of the fact that the land was so rented or of the failure of defendant to account for the proportionate share belonging to the estate.
3. That the sum of $50 was retained by defendant while she was executrix, for which she signed a receipt, under the claim that such sum was necessary to pay court costs incurred in probate proceedings, but that, in fact, defendant never used this sum for that purpose and never paid any court costs, and therefore defendant is indebted to the estate for that sum and should be required to account to plaintiff for said sum.
4. That after signing the receipt aforementioned plaintiff has learned that at his death testator was possessed of household effects valued at $1000 and that defendant has never accounted to the probate court or to plaintiff or to any of the residuary legatees for these chattels.
5. (In the amended bill) That the testator before his death received and took over as his individual property from the Tallahassee Music Company, a co-partnership composed of the testator and defendant, a number of music machines (phonographs), the exact number and value of which are unknown to plaintiff, but he states on information and belief that there were 60 machines, of a value of approximately $7,198. Plaintiff alleges that these machines came into the possession of defendant as executrix but that she failed *Page 360 
and refused, and continues to refuse, to account for these machines or their proceeds to the probate court or to plaintiff. Plaintiff further alleges that defendant wilfully and fraudulently concealed the fact that these machines were assets of the estate. He says further that he did not discover these facts until after filing his original bill.
The plaintiff's bill is not without equity, and the decree appealed is reversed.
ADAMS, C.J., and TERRELL and THOMAS, JJ., concur.